THE ATTORNEY GENERAL
OF TEXAS
December 23, 1987
ATTORNEY GENERAL


Honorable H. Tati Santiesteban
Chairman
Natural Resources Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. JM-836

Re:    Whether taxes on a defined area or designated property to pay for improvements are, by their nature, authorized by article XVI, section 59, of the Texas Constitution    (RQ-1245)

Dear Senator Santiesteban:

You ask our opinion about the constitutionality of House Bill No. 2571, Acts 1987, 70th Legislature, chapter 600, at 4700, which authorizes municipal utility districts operating under chapter 54 of the Water Code to issue "defined area bonds" to provide for facilities serving only a defined area or designated real property within the district. You note that the legislation requires that the bonds be approved by voters within the defined area or designated property, and that only property within the area is to be subject to an ad valorem tax to pay the interest and principal due on the bonds issued to pay for improvements. (The property within the defined area, of course, remains subject to taxes levied to pay for improvements benefitting the entire district.) See generally Water Code §§54.801-54.812.

Specifically, you ask whether taxes levied only on certain property within a district to repay bonds issued to finance improvements benefitting only that property are, by their nature, "equally distributed" within the meaning of article XVI, section 59, of the constitution. We conclude that such taxes are equally distributed as required by the constitution.

In Dallas County Levee District No. 2 v. Looney, 207 S.W. 310 (Tex. 1918), the Supreme Court provided what must be considered a classic explanation of the nature of the "equal distribution" requirement of article XVI, section 59:

> The declaration [in article XVI, section 59] that the taxes shall be 'equally distributed' simply means that they must be fairly proportioned according to benefit to the property taxed. . . . In a word, they must fairly represent the benefit to the property. . . .
>
> The measure of benefit that will accrue to property from a local improvement is at best an approximation, and hence there is no general principal of constitutional law that in the imposition of such taxes limits the legislative power to the exact amount of pecuniary benefit which the particular property derives. While in some instances the benefit may be generally distributed throughout the district, in others it may be more confined. . . .
>
> . . . .
>
> The effect of [article XVI, section 59] simply is that [a tax] shall be justly laid in fair proportion to the benefit. If it is so proportioned, then there can be no question but that an 'equal distribution' of the taxes will be accomplished within the full meaning of the term.

207 S.W. at 312-13.

All that House Bill No. 2571 does, then, is to make plain a constitutional principal which has long governed the execution by a district of its constitutional mandate. Accordingly, House Bill No. 2571, Acts 1987, 70th Legislature, chapter 600, at 4700 and Water Code sections 54.801-54.812, provides for the equal distribution of a defined area or designated property tax as required by article XVI, section 59, of the Texas Constitution.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General